OFFICE OF THE MARICOPA COUNTY ATTORNEY

By:     JENNIFER G. LOCKERBY (024041)
        SHERLE R. FLAGGMAN (019079)
        Deputy County Attorneys
        lockerbj@mcao.maricopa.gov
        flaggmas@mcao.maricopa.gov


CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-2206
Telephone 602.506.8541
Facsimile 602.506.8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Sheriff Penzone

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Frank G. Kitko, Jr. , | NO. _____ |
|---|---|
| Plaintiff, | **INDEX** |
| v. | |
| Paul Penzone, et al., | |
| Defendants. | |


Exhibits:

A. Contents of Superior Court File No. CV-2019-012066

B. Superior Court Notice of Removal to the Federal District Court

C. Civil Cover Sheet

D. Supplemental Cover Sheet

# Exhibit "A"

Contents of Superior Court File
No. CV2019-012066

JEFF FINE
Clerk of the Superior Court
By Kim Whitson, Deputy
Date 08/30/2019 Time 11:17:57

| Description | Amount |
| --- | --- |
| CASE# CV2019-012066 | |
| CIVIL NEW COMPLAINT | 333.00 D |
| TOTAL AMOUNT | 0.00 |
| Receipt# 27395938 | |

1  Name FRANK G. KITKO JR. - ADC #320785
2  Address ASPC LEWIS, STINER UNIT, P.O. BOX 3100
   City, State, Zip BUCKEYE, AZ. 85326

3  ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

4  ## IN AND FOR THE COUNTY OF MARICOPA

5  (INMATE'S NAME)

6  FRANK G. KITKO JR  ,               No. CV2019-012066

7               Plaintiff,            STATE COURT COMPLAINT

8  v.

   PAUL PENZONE - SHERIFF

9               Defendant
10 MARICOPA COUNTY SHERIFFS OFFICE
11 DOCTOR GAN - MEDICAL DIRECTOR
   CORRECTION HEALTH SERVICE
12 DOES 1-100, AND OTHERS ET.AL.

13 I.    JURISDICTION (Where there are jurisdictional grounds, set forth.)

14     PHOENIX, MARICOPA COUNTY, ARIZONA

15

16 II.   PLAINTIFF (Identify the Plaintiff.) FRANK G. KITKO JR. AN INMATE
17 INCARCERATED AT THE MARICOPA COUNTY LOWER BUCKEYE JAIL
   FROM AUG. 2, 2018 TO OCTOBER 15, 2018. CURRENTLY AN INMATE AT
18 ASPC LEWIS, STINER UNIT, IN BUCKEYE, ARIZONA. PLAINTIFF IS A
   DISABLED 62 YEAR OLD AMPUTEE THAT IS WHEEL CHAIR BOUND
19 III.  DEFENDANT (Identify the Defendant.) PAUL PENZONE - SHERIFF MARICOPA COUNTY,
20 ULTIMATELY RESPONSIBLE FOR THE SAFETY AND SECURITY OF ALL
   INMATES INCARCERATED WITHIN THE MARICOPA COUNTY JAIL SYSTEM.
21 DOCTOR GAN - MEDICAL DIRECTOR - CORRECTION HEALTH SERVICES. MEDICAL
22 CONTRACTOR AT THE MARICOPA COUNTY LOWER BUCKEYE JAIL INFIRMARY
   AND ULTIMATELY RESPONSIBLE FOR THE HEALTH, WELL BEING, SAFETY, AND
23 SECURITY FOR ALL INMATES HOUSED AT THE MARICOPA COUNTY JAIL INFIRMARY.
24 RN VARTHA (LAST NAME UNKNOWN) RN ON DUTY AND IN CHARGE OF
   THE JAIL INFIRMARY AT THE TIME THE INCIDENT HAPPENED.
25 ALL DETENTION OFFICERS ON DUTY AT THE MARICOPA COUNTY LOWER
26 BUCKEYE JAIL INFIRMARY FROM SEPTEMBER 21 TO 25, 2018. OFFICERS
   WERE AWARE OF RIGHTS BEING VIOLATED AND CRIMINAL ACTION.
27 LT. JANE DOE - EXECUTIVE OFFICER OF THE LOWER BUCKEYE JAIL
   SGT. MEYERS - BADGE #A8848 - WAS SENT BY EXECUTIVE OFFICER TO
28 APOLOGIZE FOR THE INCIDENT. DEFENDANT DOES 1-100
   TO BE NAMED LATER

**IV. EVENTS** (Set forth the facts necessary in support of the claim.) ✱ SEE EXHIBITS A, B, & C.

PLAINTIFF WAS PUT IN SOLITARY CONFINEMENT IN THE INFIRMARY AFTER WITNESSING AN EVENT IN ANOTHER PART OF THE INFIRMARY. THE PLAINTIFFS BED, WHEELCHAIR, AND PROSTHETIC LEG WERE TAKEN AWAY FROM HIM FORCING THE PLAINTIFF TO CRAWL ON HIS HANDS AND KNEES TO USE THE TOILET IN THE NON-ADA COMPLIANT CELL. THERE WAS NO TV, RADIO, COMMISSARY, OR HUMAN CONTACT ALLOWED. NURSE VARTHA STATED THAT DR. GAN HAD ORDERED THAT THE PLAINTIFF BE MOVED TO THIS CELL BECAUSE IT HAD A CAMERA IN IT AND STAFF COULD KEEP A "BETTER EYE ON ME" ALL DENTION OF DETENTION OFFICERS ON DUTY IN THE INFIRMARY KNEW OF THE CRUEL AND INHUMANE TREATMENT THE PLAINTIFF WAS SUBJECTED TO AND DID NOTHING TO ASSIST PLAINTIFF. THE JAIL AND MEDICAL STAFF WERE ALL AWARE OF THE INCIDENTS

**V. APPLICABLE LAW SUPPORTING CLAIM** (Set forth applicable law.)

VIOLATION OF CIVIL RIGHTS UNDER THE 8th AMENDMENT OF THE U.S. CONSTITUTION, VIOLATION OF CIVIL RIGHTS OF THE ARIZONA CONSTITUTION ARTICLE II. SECTION 15 AND VIOLATION OF THE AMERICANS WITH DISABILITIES ACT. (ADA)

**VI. INJURIES** (Set forth injuries and damages.)

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS RESULTING IN POST TRAUMATIC STRESS SYNDROME OR DISORDER, RECURRING NIGHTMARES, FLASHBACKS AND FUTURE PYSCHOLOGICAL ISSUES THAT MAY APPEAR IN THE FUTURE. NOT ONLY WAS IT DEGRADING AND HUMILIATING TREATMENT, IT ALSO VIOLATED THE UNITED NATIONS UNIVERSAL DECLARATION OF HUMAN RIGHTS, ARTICLE 5. NO ONE SHALL BE SUBJECTED TO TORTURE OR TO CRUEL, INHUMANE, OR DEGRADING TREATMENT OR PUNISHMENT.

DEGRADATION, CRUELTY, FEAR, PHYSICAL AND EMOTIONAL DISCOMFORT AND PAIN CAUSING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS RESULTING IN PERMANENT PYSCHOLOGICAL DAMAGE.

✱ EXHIBIT A - AFFIDAVIT
  EXHIBIT B - ANSWERED GRIEVANCE
  EXHIBIT C - INMATE REQUEST

-2-

**VII.   DEMAND FOR RELIEF** (Set forth the relief sought.)

THE PLAINTIFF SEEKS $150,000.00 (ONE HUNDRED AND FIFTY THOUSAND DOLLARS) FOR PAIN AND SUFFERING,
$50,000.00 (FIFTY THOUSAND DOLLARS) FOR FUTURE PYSCHOLOGICAL HARM,
AND $50,000.00 (FIFTY THOUSAND DOLLARS) IN PUNITIVE DAMAGES TO DETER DEFENDANTS OR ANY FUTURE CRUEL AND INHUMANE TREATMENT OF ELDERLY AND DISABLED PRISONERS.

DATED this _20_ day of _AUGUST_, 20 _19_.

(Signed)

- 3 -

# VERIFICATION

STATE OF ARIZONA

County of MARICOPA          ss.          VERIFICATION OF FRANK G. KITKO JR.

I, FRANK G. KITKO JR. being first duly sworn upon oath, deposes and says as follows:

    1. I am the name Plaintiff in the civil action known as Complaint for violation of *[identify]* CIVIL RIGHTS, 8th AMENDMENT, US CONSTITUTION ARTICLE II DECLARATION OF RIGHTS, SECTION 15, ADA RIGHTS

    2. I have read the foregoing pleading, and know the contents thereof.

    3. The statements and matters alleged therein are true of my own personal knowledge, except as to those matters stated upon information and belief and, as to such matters, I believe them to be true.

    DATED this 20 day of August, 20 19.

[Signed] *Frank S. Kitko J*
FRANK G. KITKO JR
[Typed/Printed Name]

[Party] PLAINTIFF

State of Arizona

County of Maricopa

The foregoing instrument was acknowledged before me this 20 day of August, 20 19 by Frank G Kitko

(Name) *Robyn Nykaza*, Notary Public.

(Title, if any) _____

My commission expires on 4/17/21

OFFICIAL SEAL
ROBYN NYKAZA
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires April 17, 2021

EXHIBIT A

AFFIDAVIT-Frank G. Kitko, Jr.
July 15, 2019

On September 19, 2019 I was incarcerated at the Maricopa County Lower Buckeye Jail Infirmary. I was in a 4person cell that was locked down 24hrs. a day, 7days a week. On that date I observed one of the other inmates take off his pants and attempt to get into bed with a young inmate that had just come into our cell. The young man was terrified, and I began yelling and screaming at the top of my lungs at the inmate who was attempting to rape the young man. The guards heard me yelling at the inmate who was assaulting the young inmate. They entered the cell and saw that the older inmate had his pants off and was in the bed of the younger inmate. They made him put his pants back on, handcuffed him, and immediately took him to solitary confinement. Because I was the one who was yelling at the inmate, they took me to a small holding area and asked me what I saw. I told them I saw the same thing that they did and that was all I had to say. I was then moved to a different 4man cell.

On the afternoon of September 21, 2019, Nurse Vartha told me that Dr. Gan ordered that I be put in a solitary cell for my own protection. She told me that was Dr. Gan's orders an I had no choice. As I was being moved to solitary confinement I saw Dr. Gan in the hallway talking to another that was also in a solitary cell. I then asked Dr. Gan why he was punishing me by putting me in a solitary cell. At first he ignored me but then he answered that he was not talking to me at that time. I was then placed in a solitary cell that was somewhat A.D.A. compliant. I also had my hospital bed, wheel chair and my prosthetic leg in the cell.

When the detention officer brought the evening meal to my cell, I attempted to get up and put my prosthetic leg on to retrieve the tray that was placed in the opening of the cell door. At that time I accidentally fell hitting my residual limb quite hard on the floor. As I cried out in pain, the detention officer went to the nurse's desk and came back to my cell with nurse Vartha. She asked me what had happened and I told her that I accidentally fell. I also told her that I had struck the floor quite violently with my residual limb and that I feared that I might have "broke something." Nurse Vartha then told me that she would call the doctor (Dr. Gan) and relate to him what happened.

Nurse Vartha then returned approximately 30minutes later and told me that Dr. Gan wanted me moved to another solitary cell with a camera in it so that the medical staff could "keep a better eye on me." Nothing was mentioned about treating my injury.

As I was placed in the new solitary cell, nurse Vartha instructed the detention officer to place a thin mat on the floor instead of the hospital bed. I was then told to sit on the mat, my wheelchair was taken out of the cell and my prosthetic leg was moved to the opposite side of the cell. Nurse Vartha then instructed me not to use my prosthetic leg for any purposes. Since the camera cell was not A.D.A. compliant, I asked nurse Vartha, "How am I expected to use the toilet or get water?" She told me that she had a solution to these problems. Nurse Vartha told me that she would be right back, left for a few minutes, and then returned with a urinal, a small bedpan and a small pitcher of water. She told me that when I needed the urinal or bedpan emptied or if I needed more water to push the call button. When I expressed to nurse Vartha my concern that this was cruel and inhumane, she told me that there was nothing she could do about it because these were the orders of Dr. Gan and that he was the supervisor

of the entire infirmary. She then told me that Dr. Gan would examine me the first thing in the morning and would then release me back into the 4man cell.

When I would push the intercom call button to get a refill on my water or to get the urinal or bedpan emptied, the medical staff would answer the call and always tell me that it would be "a few minutes." Most of the time it would be over an hour and sometimes not until shift change before someone would attend to these needs.

The bedpan that they gave me was too small for an adult to use, so I was forced to crawl on my hands and knees to use the toilet. Since the cell was not A.D.A. compliant, there were no handrails around the toilet so hoisting myself up to use the toilet was almost impossible and quite difficult to do. Trying to crawl over to the sink/toilet to try to refill my water pitcher was not possible at all. The only way of occupying myself while in this cell was one paperback book I was given and the few times the phone was placed in my cell so that I could contact my wife. There was no television, radio or commissary.

The next day, Saturday, September 18, 2018 I waited all morning for Dr. Gan to come to my cell, examine me, and release me back to the 4man cell. At approximately 1:00p.m. that afternoon I asked the guard if he may know when Dr. Gan would come to examine me. He laughed and said, "Are you kidding? You should know hat Dr. Gan doesn't come in on the weekends!" I then stated that I would like to discuss this with the sergeant on duty and asked the guard if he would go get him. After an hour had passed I crawled on my hands and knees to the other side of the cell and retrieved my prosthetic leg. I then crawled on my hands and knees to the front of the cell where I was able to grasp the frame of the window and hoist myself up far enough to put my prosthetic leg on. I banged on the cell door and once again I asked the guard to please go get the sergeant on duty. Since I now had my prosthetic leg on, I was standing and patiently waiting for the sergeant to arrive. Instead of the sergeant, the guard went and got nurse Vartha to come to my cell. When she arrived, she saw that I was standing with my leg on. She began to scold me and told me that I knew I was not to have my leg on much less than to be standing. She also told me that the staff could see everything I was doing and if I continued to disobey her that I would be put on bread and water.

When I sat back down on the mat and removed my leg, she took the leg, handed it to the guard, and told him to place it outside of the cell so that I could not have access to it.

At this time I knew that nothing would be resolved until Monday. Sunday was uneventful. When I was put in the solitary cell on Friday, somehow the cord for my CPAP machine was damaged and the machine no longer worked. The medical staff attempted to have me use one of their machines, but it also did not work properly. I must use a CPAP breathing machine at night as I have severe sleep apnea. My S.A. number is 78 which means I stop breathing 78 times per hour while sleeping. The CPAP machine keeps my airway open. When I do not have a CPAP at night it is dangerous and life threatening. Also, I can not sleep soundly, have horrible dreams and awaken frequently. On that Sunday night I began having nightmares that I had died and the solitary cell, where I was completely helpless, was my Hell. I did write a grievance on Sunday,

When Monday finally came after a long night of nightmares and the mental torment I was going through, I again began my patient vigil for Dr. Gan to come and examine me so I could return to the 4man cell and at least have human contact again. About 1:00p.m. on Monday I began asking the guards

multiple times, "When will Dr. Gan come and see me?" I was given multiple answers such as, "He was here but he had to leave," "He went on vacation," "He didn't come in today" and even "He's in his office right now doing paperwork and will see you before the day is done."

I never saw Dr. Gan that day, so I continued to crawl around the cell that I now considered to be my personal Hell. From time to time I would attempt to read the small paperback book that the guards had literally thrown in the cell with me so that I could at least try to occupy my mind. Unfortunately, this did not work as I couldn't see with the glasses I was wearing. I had submitted multiple requests with Jail Administration for my wife to drop off my updated pair of glasses, but they repeatedly turned me down.

After yet another horrible night, Tuesday came and once again I was given the run around by staff when I continued to ask when Dr. Gan would see me. Finally I was told that he never came in that day and I would have to now wait until Wednesday. I was also informed that I would have a video visit on Tuesday from my wife at approximately 2:30p.m.

Just prior to the visit, the guards brought the video kiosk and a wheelchair into my cell, then, two guards lifted me up and placed me into the wheelchair. They moved the wheelchair in front of the kiosk so every would appear to be "normal." When my wife appeared on the video screen and our visit began, I told her what the jail and medical staff were doing to me. I then tilted the kiosk down at an angle so that she could see the mat they had me lay on and also that there was little more in the cell with me other than the urinal, bedpan, broken CPAP machine and a roll of toilet paper.

My wife, Genevieve Kitko, was livid with anger and told me that she was going to call Sheriff Paul Penzone's office and protest the treatment I was receiving. My wife then began to cry uncontrollably. We said our tearful goodbyes and then the time for our video visit was over. As I sat there in front of the blank video screen, I too began to cry. I felt hopeless, helpless and abandoned. As I sat there longer a desperate idea began to form in my mind. It was a big risk and a desperate idea. I think I had figured out a way to get out of this horrible and cruel situation that I was in.

I decided to stage a "sit-in" just like the college students used to do, back in the day. A peaceful protest , hopefully with a positive result. After all, I had tried to speak with the sergeant on duty many times and, when I asked nurse Vartha why I was being punished, she told me that it was for my own protection from sexual predators. Was it because I had stopped the attempted rape of that young inmate? It wasn't my fault that the guards locked up the other inmate under the Prison Rape Elimination Act. That was done because of what the guards caught him doing, not because I was yelling at him. Maybe she thought differently and was retaliating?

Whatever the case, I knew I had to get out of this nightmarish situation or I would lose my sanity. I took the cord from the inoperable CPAP machine and I tied it around my waist, then tied it around my wheelchair. When the guards came to retrieve my wheelchair and the video kiosk, I told them that the only way they were going to get me out of the chair was to physically remove me and that they might want to go get the sergeant of the day to talk to me. I also told them that when my visit was over, my wife drove to News Channel 5 in Phoenix and was sitting in their parking lot. If she didn't hear from me by 9:00p.m. she was going to walk into the television station and tell the news editor what the staff at the jail was doing to me.

Instead of the sergeant, the guards came back to the cell with the male R.N. that was on duty and in charge of the infirmary at that time. He listened to my whole story, including the part about my wife being down at the television station waiting on my phone call. He assured me that he would attempt to solve the situation. He asked me if I would at least let them take the video kiosk back. He also told me he would go back to the nurse's station, call Dr. Gan, and advise him of the current situation. I agreed. He left and the guards took the kiosk. The nurse came back shortly, and to my surprise, Dr. Gan was with him. The same Dr. Gan who never came in that day according to the guards. Dr. Gan expressed shock at the fact I was being treated like this. He told me it was inhumane and asked who had done that to me. I told him that according to nurse Vartha, he had ordered it. He told me that he would never subject anyone to that type of cruel environment. Dr. Gan then told me that the nurse had explained everything that was going one and he wanted to know what would make it "right" so I could call my wife and tell her that everything was resolved.

I told Dr. Gan that I would like to be moved back into the 4man cell that I was in prior to being put into solitary confinement and that I would like to eventually be relocated to a Medical Unit in General Population, as I had requested numerous times. He instructed the guards to give me back my prosthetic leg and to let me keep my wheelchair. Dr. Gan then told me to "sit tight" and said he would be back shortly to let me know what he could do.

Although I did not see Dr. Gan again, within thirty minutes I was moved back into the 4man cell with my hospital bed, prosthetic leg and wheelchair. About forty five minutes after that, Dr. Gan came on the intercom and told me that I would be relocated to General Population first thing in the morning. This was on Wednesday, September 26, 2018.

Although still the County Jail, what a relief it was to be relocated to a unit where I could move around, go outside a few hours a day to get fresh air, watch television, order commissary and, above all else, interact with other human beings.

The following Tuesday, October 2, 2018, I was called out of the unit by Sergeant Meyers, badge #A8848 and taken to a private office. It turned out that my wife's phone call and subsequent message left on Sheriff Paul Penzone's voice mail had been heard by the sheriff. The Sheriff instructed the lieutenant that was the executive office of the Lower Buckeye Jail to investigate the matter and take the steps necessary to resolve it. Sgt. Meyers told me that he had seen my grievance about being put in a solitary cell and that he had also had the opportunity to review some of the video while I was in that cell. Sgt. Meyers then told me that he had just got off the phone with my wife. He told me that he had apologized profusely to her about the conduct of the jail staff and about how poorly I was treated. He told her that such a situation would never happen again to a disabled inmate at the jail.

Sgt. Meyers then went on to apologize to me and to ask me what guards were involved. I did not have all of their names but I was able to describe one guard in particular who had threatened me with retaliation and physical harm when I staged my "sit in." I remembered one thing in particular that guard said to me, such as, "You'll be sorry you did this. We can do lots of bad things to you and nobody will ever know." Sgt. Meyers promised me that guard would be disciplined severely. Sgt. Meyers then asked me if there was anything else he could do for me. I jokingly replied, "Yeah, pay for a psychiatrist and a counselor for me." (If only I knew then how true that statement would turn out to be.) He then reiterated that something like that would never happen again and that it was "probably be best if we left the lawyers out of it." When we got up to leave he wrote his name and badge number on a piece of

paper for me. He told me that if there was anything I needed while there, I should just tell the guard to contact him. We shook hands and I returned to my unit.

I called my wife the next day and told her about my conversation with Sgt. Meyers. She told me that she had received the call from the sergeant and after apologizing he had also told her that it was best that "we don't get the lawyers involved."

She then asked me whatever happened to the grievance I had filed while in solitary confinement. I told her that I didn't know, but that I would try to find out. After asking the guards numerous times to follow up on the grievance that I submitted on September 23, 2018, and getting no results, I decided to take Sgt. Meyers up on his offer of "anything that I needed" and ask him to follow up on by behalf. On October 5, 2018, I filled out an inmate request form to speak with Sgt. Meyers. This request was never answered. On October 11, 2018, my grievance was finally answered and dated October 10, 2018. The answer seemed to be a standard one as it had the same phrase the answers to other medical grievances I submitted. All were based "on best medical practice."

I was sentenced by the Arizona Superior Court on October 12, 2018 and was transferred to an Arizona Department of Corrections facility on October 15, 2018. I was unable to follow up further.

Until this day I still experience recurring nightmares and constant bouts of stress and anxiety from those horrific days back from September 21, 2018 until September 25, 2018. The psychiatry staff here at ASPC Lewis have done what they can for me including changing my antidepressant medication several times, increasing the dosage and adding an anti-anxiety medication. Unfortunately, this condition can never be cured. At best the doctors are trying to find the correct combination of medications so that I can at least cope with the emotional distress on a daily basis.

Attached are copies of the grievance, the request to see Sergeant Meyers and the earlier requests to be moved to General Population.

This affidavit is true and correct.

*Fue S. Kitko G. - 08/02/2019*

Frank G. Kitko, Jr.

I, FRANK G. KITKO JR., HEREBY STATE THAT ALL OF THE EVENTS IN THE FOREGOING DOCUMENT ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION FROM THE TIME I WAS PLACED INTO SOLITARY CONFINEMENT ON SEPTEMBER 21, 2018 UNTIL THE TIME I WAS MOVED OUT OF SOLITARY CONFINEMENT ON SEPTEMBER 25, 2018

State of Arizona
County of Maricopa
Signed & sworn before me this
8/20/19 by Frank G Kitko.

x _____
SIGNATURE

AUG. 20, 2019
DATE

OFFICIAL SEAL
ROBYN NYKAZA
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires April 17, 2021

EXHIBIT B

13B16

TO: _Shift Comm_    RECEIVED BY: _152552_    13B16    DATE/TIME: _9/29/18_

FROM: _FRANK KIRTO_    _T4_   _T4859_   _LBJ_   _7008 - 14 4/30/18_

| Inmate name | Booking # | Facility | Cell/Bed | Date /Time |

**I.    Grievance** (to be completed by inmate): Briefly describe your grievance and a proposed resolution.

_IT IS NOT RIGHT TO PUT ME IN A DISAPLINARY___
_SIDE CELL AND THIS AWAY OF PEOPLE_____
_HEALTHCARE OVER THE SIDE OF IT THE_____
_A ROOM AT THE INFIRMARY_____
_RESOLUTION. PLEASE IMMEDIATELY RELOCATE MY BACK INTO___
_A GENERAL POD WHERE I CAN ABOUT HER MY CELL IS NOT___
_ADA HANDICAP FOR THIS WHEELCHAIR ACCESSIBLE___

_____    _9/29/18_
Inmate Signature    Date / Time

**II.    Officer Action Taken to Resolve:** ☐ Addendum attached    **Translator:** _Your Chart was reviewed_
_on 10-10-18. Treatment decisions including housing location in_
_infirmary are the sole discretion of the CHS medical_
_provider based on best medical practice._

_CH843_    _/S/EM_    _10/10/18    3:37pm_
Officer Name / Serial #    Date / Time

**This grievance has been:** ☐ Resolved informally ☐ Withdrawn by the inmate ☒ Forwarded to the next level

_____    _10/10/18    3:15_
Inmate Signature    Date / Time

**III.    Sergeant Action Taken to Resolve:** ☐ Addendum attached    Translator: _____

_____
_____
_____

_____    _____
Sergeant Name / Serial #    Date / Time

**IV.    Shift Commander Action:** ☐ Addendum attached    ☐ I concur with the findings and actions taken by staff

_____    _____
Shift Commander Name / Serial #    Date / Time

**This grievance has been:** ☐ Resolved informally ☐ Withdrawn by the inmate ☐ Forwarded to the next level

_____    _____
Inmate Signature    Date / Time

**V.    Custody Bureau Hearing Unit Action (formal):** ☐ Addendum attached    Translator: _____

_____
_____
_____
_____
_____

_____    _____
Custody Bureau Hearing Sergeant Name / Serial #    Date / Time

_____    _____    _____
Inmate's Signature    Booking #    Date / Time

**To Inmate:** If not satisfied with the Hearing Sergeant's resolution, submit an Inmate Institutional Grievance Appeal form within 24 hours of receipt to the Jail/Division Commander through the Hearing Sergeant. You must attach the yellow copy of this grievance to the appeal.

WHITE-Return to the Hearing Officer upon response    YELLOW-Return to inmate with response    PINK-Retained by inmate upon submittal

5000-239    R 9/14    96636-194

*EXHIBIT C*

Check One:  ☐ 1. Library ☐ 2. Religious ☐ 3. Legal ☐ 4. Programs ☐ 5. Other

Maricopa County Sheriff's Office
Paul Penzone, Sheriff
**Inmate Request Form**
**Formulario de Solicitud para presos**

| | |
|---|---|
| Name (Nombre): FRANK KITIKO | Jail (Carcel): LBJ |
| Booking No. (Numero Fichado): T479509 | House (Casa): 13B |
| Date of Birth (Fecha De Nacimiento): 3/14/1957 | Cell (Celda): 16-001 |

**1.  Inmate Library Request (Biblioteca)** ☐ English    ☐ Español

Inmates are provided a variety pack of reading materials. Each jail receives a delivery once per month.
NO INMATE REQUEST IS REQUIRED.
Para presos que han sido identificados por leer y hablar unicamente en español, el material de lectura en español está disponible.
☐ MARQUE POR FAVOR LA CAJA SI USTED SOLO LEE Y HABLA ESPAÑOL.

**2.  Inmate Religious Request (Solicitud Religiosa)**
Religion:      ☐ Catholic (Catolico)      ☐ Protestant (Protestante)      ☐ Muslim (Musulman)
            ☐ Other religion (Otra religion) _____

Request (Solicitud):    ☐ Bible (Biblia)      ☐ Bible Study (Estudio biblico)
☐ Inspirational  Material (Material inspirante)    ☐ Religious Counseling (Consejo religioso)
☐ Religious Diet (Dieta religioso)

**3.  Inmate Legal Requests (Solicitud Legales)**
Inmate Legal Requests must be submitted on the Inmate Legal Request form.
(Solicitudes Legales para Presos deberan presentarse en el formulario de Solicitud Legal para Presos.)

**4.  Inmate Programs (Programas)**
☐ Self-help (Esfuerza propio)      ☐ GED      ☐ Juvenile Education (Educacion juvenil)
☐ Adult Special Education (Educacion especial de Adulto)
☐ Alpha Program (Programa Alpha) **(Substance Abuse Treatment – for Sentenced Inmates ONLY)**

**5.  Other Inmate Information Request (Otra Informacion)**
☐ Court date (Fecha de corte) ☐ Release date (Fecha de liberar)      ☐ Property release (Liberar del propiedad)
☐ Legal call (Llamada legal)    ☑ Other   SGT. MEYERS

Please explain your request or question. Print clearly. (Por favor de explicar su solicitud o' pregunta. Escribir claramente.)

I WOULD LIKE TO SPEAK WITH SGT. MEYERS #A8848.
THIS IS A FOLLOW-UP.

THANK YOU

| | |
|---|---|
| Inmate Signature: | Receiving Officer |
| | Date: 10-5-18    Time: 1400 |
| | Signature: B2830 |

Response (if needed):

**In the Superior Court of the State of Arizona**

**In and For the County of** MARICOPA

# CV2019-012066

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON DEP

19 AUG 30 AM 11: 12

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney  PRO SE

Attorney Bar Number _____

Plaintiff's Name(s): (List all)    Plaintiff's Address:        Phone #:      Email Address:

FRANK G. KITKO JR - ADC # 330785, ASPC LEWIS, STINER UNIT, P.O. BOX 3100
BUCKEYE, ARIZONA 85326 , 602-989-1158, THEKITKOS@GMAIL.COM.

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

SHERIFF PAUL PENZONE, MARICOPA COUNTY ARIZONA, MARICOPA COUNTY SHERIFFS OFFICE,
DR. GAN - MEDICAL DIRECTOR - CORRECTION HEALTH SERVICES, RN VARTHA (LAST NAME UNKNOWN)
CHARGE NURSE - MARICOPA COUNTY JAIL INFIRMARY, DEFENDANT DOES 1-100 TO BE NAMED LATER.

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $ 250,000.00        ☐ Tier 1    ☐ Tier 2    ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*

☐ 103 Wrongful Death*

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [x] 116 Other (Specify) _____*
  VIOLATION OF CIVIL RIGHTS.

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*                    ☐ 163 Other*
☐ 196 Verified Rule 45.2 Petition                   _____
☐ 195(a) Amendment of Marriage License                    (Specify)
☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge

☐ Employer Sanction              ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the
Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the
Court's website at:

   https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____ N/A _____

_____

**Additional Defendant(s):**

_____ N/A _____

_____

Person Filing: _FRANK G. KITKO JR. - 330785_
Address (if not protected): _ASPC LEWIS, STINER UNIT P.O.BOX 3100_
City, State, Zip Code: _BUCKEYE, AZ 85326_
Telephone: _602 - 989 - 1168_
Email Address: _THEKITKOS@GMAIL.COM_
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN
# COUNTY

_FRANK G. KITKO JR. - ADC # 330785_
**Name of Petitioner/Plaintiff**

_SHERIFF PAUL PENZONE_
_MARICOPA COUNTY SHERIFFS OFFICE_
~~_FRANK G. KITKO JR._~~ AND OTHERS

**Name of Respondent/Defendant**

Case Number: _CV2019-012066_

**APPLICATION FOR DEFERRAL OR WAIVER OF COURT FEES OR COSTS AND CONSENT TO ENTRY OF JUDGMENT**

**STATE OF ARIZONA**          )
                             ) **ss.**
**COUNTY OF** _MARICOPA_       )

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, the cost of attendance at an educational program required by A.R.S. § 25-352, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Supplemental Information form if I am asking for service of process costs, or service by publication costs.) I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note.** All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.

1. ☐ **DEFERRAL:** I receive government assistance from the state or federal program marked below or am represented by a not for profit legal aid program:

   ☐ Temporary Assistance to Needy Families (TANF)
   ☐ Food Stamps
   ☐ Legal Aid Services

2. ☐ **WAIVER:**

   ☐ I receive government assistance from the federal Supplemental Security Income (SSI) program.

© Superior Court of Arizona in i
   ALL RIGHTS RESERVED
ADW

County

Page 1 of 4

GNF11f - 060115
Use current version

3. **FINANCIAL QUESTIONNAIRE**
   **SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for):

   NAME _____ *NONE* _____          RELATIONSHIP _____ *NONE* _____

   _____          _____

   _____          _____

**STATEMENT OF INCOME AND EXPENSES**

   Employer name: _*N/a*_

   Employer phone number: _*n/a*_

   ☒ I am unemployed (explain): _*I AM AN INDIGENT INMATE INCARCERATED AT ASPC LEWIS, STINER UNIT BUCKEYE, ARIZONA*_

   My prior year's gross income:                                    $ _*N/A*_

**MONTHLY INCOME**

   My total monthly gross income:                                   $ _*0*_

   My spouse's monthly gross income (if available to me):          $ _*N/A*_

   Other current monthly income, including spousal maintenance/support,
   retirement, rental, interest, pensions, and lottery winnings:    $ _*0*_

   **TOTAL MONTHLY INCOME**                                         $ _*0*_

**MONTHLY EXPENSES AND DEBTS:** My monthly expenses and debts are:

| | PAYMENT AMOUNT | LOAN BALANCE |
|---|---|---|
| Rent/Mortgage payment | $ *N/A* | $ *N/A* |
| Car payment | $ | $ |
| Credit card payments | $ | $ |
| Explain: _____ | | |
| Other payments & debts | $ | $ |
| Household | $ | |
| Utilities/Telephone/Cable | $ | |
| Medical/Dental/Drugs | $ | |
| Health insurance | $ | |
| Nursing care | $ | |
| Tuition | $ | |
| Child support | $ | |
| Child care | $ | |
| Spousal maintenance | $ | |
| Car insurance | $ | |
| Transportation | $ | |
| Other expenses (explain) | $ | |

   **TOTAL MONTHLY EXPENSES**                                       $ _*N/A*_

Case Number: _____

STATEMENT OF ASSETS: List only those assets available to you and accessible without financial penalty.

| | ESTIMATED VALUE |
|---|---|
| Cash and bank accounts | $ _0_ |
| Credit union accounts | $ _0_ |
| Other liquid assets | $ _0_ |
| **TOTAL ASSETS** | $ _0_ |

**The basis for the request is:**

4. ☐ **DEFERRAL:**

A. ☐ My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

**OR**

B. ☐ I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

_____
_____

**OR**

C. ☐ My income is greater than 150% of the poverty level, but have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

| DESCRIPTION OF EXPENSES | AMOUNT |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **TOTAL EXTRAORDINARY EXPENSES** | $ _____ |

5. ☒ **WAIVER:**

I am permanently unable to pay. My income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.
*I AM AN INDIGENT, DISABLED INMATE AT ASPC LEWIS, STINER UNIT SERVING A 12 YR. SENTENCE.*

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

Case Number: _____

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

## OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

Ave 20, 2019
Date

Signature

FRANK G. KITKO JR.
Applicant's Printed Name

8/20/19
Date

Judicial Officer, Deputy Clerk or Notary Public

4/17/21
My Commission Expires/Seal:

OFFICIAL SEAL
ROBYN NYKAZA
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires April 17, 2021
GREAT SEAL OF THE STATE OF ARIZONA · 1912 ·

© Superior Court of Arizona in
ALL RIGHTS RESERVED
ADW

County

Page 4 of 4

GNF11f - 060115
Use current version

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON, DEP



19 AUG 30 AM 11: 12

**Person Filing:** FRANK G. KITKO JR - ADC #330785
**Address (if not protected):** ASPC LEWIS, STINER UNIT P.O. BOX 3100
**City, State, Zip Code:** BUCKEYE AZ 85326
**Telephone:** 602-989-1158
**Email Address:** THEKITKOS@GMAIL.COM
**Lawyer's Bar Number:** _____

**Representing** ☒ **Self, without a Lawyer** or ☐ **Attorney for** ☐ **Petitioner** OR ☐ **Respondent**

# SUPERIOR COURT OF ARIZONA
## IN _____ COUNTY

CV2019-012066

FRANK G. KITKO JR.
_____
**Name of Petitioner/Plaintiff**

**Case Number:** _____

MARICOPA COUNTY SHERIFF PAUL PENZONE
_____
**Name of Respondent/Defendant**

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFERRAL OR WAIVER OF SERVICE OF PROCESS FEES**

STATE OF ARIZONA )
) ss.
COUNTY OF MARICOPA )

---

**NOTE: FILL OUT THIS FORM ONLY IF YOU REQUESTED DEFERRAL OR WAIVER OF SERVICE COSTS IN THE APPLICATION. YOU MUST HAVE ATTEMPTED PERSONAL SERVICE OR HAVE A VALID REASON FOR NOT DOING SO. SERVICE BY PUBLICATION IS USED AS A LAST RESORT.**

---

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

**I have requested a deferral or waiver of the following fees in my case:**

☒ **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

    [ ] I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

    [ ] It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

        I AM AN INMATE AT ASPC LEWIS STINER UNIT BUCKEYE AZ 85326.
        I AM INDIGENT, DISABLED AND SERVING A 12 YEAR SENTENCE

    [ ] An enforceable injunction against harassment has been granted to me against the person to be served.

© Superior Court of Arizona in _____ County
ALL RIGHTS RESERVED
GNF21f - 090114
Use current version

Case Number: _____

[X] **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served but I have been unable to locate that person (check and complete any that apply):

[ ] This is what I did to try to find the other party (explain):

_____

_____

[ ] I have contacted the person(s) listed below to try to find the location of the other party.

| NAME | ADDRESS |
|------|---------|

_____

_____

## OATH OR AFFIRMATION

**I declare under penalty of perjury that the foregoing is true and correct.**

Date: 8/20/2019

Signature

FRANK C. KITKO JR.
Applicant's Printed Name

## INFORMATION FOR SERVICE

**You must provide the following information:**

To the best of my knowledge, as of (date) 8/19/2019, the last known address of the person to be served as: 3250 W. LOWER BUCKEYE RD, PHOENIX, AZ 85009

Person Filing: FRANK G. KITKO JR. ADC# 330785
Address (if not protected): ASPC LEWIS, STINER UNIT, P.O. Box 3100
City, State, Zip Code: BUCKEYE, AZ, 85326
Telephone: _____
Email Address: _____
Lawyer's Bar Number: _____

Representing  ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON, DEP

19 AUG 30  AM 11: 12

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

CV2019-012066

FRANK G. KITKO JR.
_____
**Name of Petitioner/Plaintiff**

Case Number: _____

**ORDER REGARDING DEFERRAL OR WAIVER
OF COURT FEES AND COSTS AND
NOTICE REGARDING CONSENT JUDGMENT**

SHERIFF PAUL PENZONE
MARICOPA COUNTY SHERIFFS OFFICE
_____
**Name of Respondent/Defendant**
AND OTHERS.

> **NOTE: ONLY FILL OUT THE ABOVE INFORMATION. THE COURT WILL FILL OUT
> THE REST OF THE FORM.**

**THE COURT FINDS** that the applicant (print name)_____:

1. ☐ IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.

    **OR**

2. ☒ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility.  As required by state law, the applicant has signed a consent to entry of judgment.

    **OR**

3. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

    **OR**

4. ☐ IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown.  As required by state law, the applicant has signed a consent to entry of judgment.

    **OR**

5. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.

    **OR**

6. ☐ IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

    **OR**

7. ☐ IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

## IT IS ORDERED:

☐ **DEFERRAL IS DENIED** for the following reason(s):

☐ The application is incomplete because _____

**You are encouraged to submit a complete application.**

☐ The applicant does not meet the financial criteria for deferral because _____
_____

**A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; presents documentation they are currently receiving services from a non-profit legal services organization; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

☒ **DEFERRAL IS GRANTED** for the following fees and costs in this court:

☒ Any or all filing fees; fees for the issuance of either a summons and subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

☒ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

☐ Fees for service by publication.

☐ Filing fees and photocopy fees for the preparation of the record on appeal.

☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

☒ **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

☐ **SCHEDULE OF PAYMENTS.**
The applicant shall pay $_____ each _____ (week, month etc.) until paid in full, beginning _____.

☐ **WAIVER IS DENIED** for all fees and costs in this case.

☐ **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

☐ Any or all filing fees; fees for the issuance of either a summons or subpoena; or the cost of attendance at an educational program required by A.R.S. § 25-352, fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings.

☐ Fees for service of process by a sheriff, marshal, constable or law enforcement agency.

☐ Fees for service by publication.

☐ Filing fees and photocopy fees for the preparation of the record on appeal.

☐ Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 2 of 3

GNF18f - 071017
Use current version

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

A. Fees and costs are taxed to another party;

B. The applicant has an established schedule of payments in effect and is current with those payments;

C. The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;

D. In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or

E. Within twenty (20) days of the date the court denies the supplemental application, the applicant either:

   1. Pays the fees and costs; or,

   2. Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

DATED: _____AUG 3 0 2019_____     _____
                                       ☑ Judicial Officer    ☒ Special Commissioner

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
ODF

Page 3 of 3

GNF18f - 071017
Use current version



CLERK OF THE
SUPERIOR COURT
FILED
K. WHITSON, DEP

19 AUG 30 AM 11: 18

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

FRANK G KITKO
**Name of Petitioner/Plaintiff.**

PAUL PENZONE ET AL
**Name of Respondent/Defendant.**

CASE NO. CV2019-012066

### ORDER FOR ASSESSMENT AND COLLECTION OF INMATE COURT FEES AND COSTS

**THE COURT FINDS** that **FRANK G KITKO**, DOC number **330785**, is an inmate confined to a correctional facility operated by the Arizona State Department of Corrections who has initiated a civil action or proceeding, other than an action or proceeding for dissolution of marriage, legal separation, or annulment or establishment, enforcement or modification of child support. The amount of fees and costs due to date is **$363.00**. (OR ALTERNATIVELY: "A STATEMENT OF FEES and COSTS DUE IS ATTACHED.") In accordance with A.R.S. § 12-302(E),

**IT IS ORDERED** that a first time payment of twenty percent (20%), **$72.60**, is assessed as a partial payment of the amount due. If monies exist, the State Department of Corrections shall deduct this amount from the inmate's spendable account and remit it to the court.

**IT IS FURTHER ORDERED** that the clerk of the court shall forward to the State Department of Corrections an updated accounting of the amount of actual court fees and costs.

**IT IS FURTHER ORDERED** that the State Department of Corrections shall withhold twenty percent (20%) of all deposits in the inmate's spendable account until the actual court fees and costs are collected in full and shall annually forward any monies collected to this court. Upon the inmate's release, the State Department of Corrections shall forward the amount of fees and costs collected through the date of the release and the inmate's current mailing address to the following address:

Clerk of Superior Court
Deferral and Billing Unit
201 W. Jefferson St.
Phoenix, AZ 85003-2291

**IT IS FURTHER ORDERED** that a copy of this order be mailed to the State Department of Corrections, Bureau of Business and Finance and to the inmate personally.

DATED: **8/30/2019**

☐ Judicial Officer    ☒ Special Commissioner

**OFF**

# Exhibit "B"

Superior Court Notice of Removal to the
Federal District Court

DOFFICE OF THE MARICOPA COUNTY ATTORNEY

By:   JENNIFER G. LOCKERBY (024041)
       SHERLE R. FLAGGMAN (019079)
       Deputy County Attorneys
       lockerbj@mcao.maricopa.gov
       flaggmas@mcao.maricopa.gov


CIVIL SERVICES DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-2206
Telephone 602.506.8541
Facsimile 602.506.8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorneys for Defendant Sheriff Penzone

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Frank G. Kitko, Jr. ,<br><br>        Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>        Defendants. | NO. CV2019-012066<br><br>**NOTICE OF FILING NOTICE OF REMOVAL**<br><br><br>(Honorable Sherry K. Stephens) |

      TO THE CLERK OF THE COURT AND PLAINTIFF:

      PLEASE TAKE NOTICE THAT Defendant, Sheriff Penzone, by and through undersigned counsel, hereby notifies this Court that he has filed a Notice of Removal of this action to the United States District Court for the District of Arizona.  A copy of the Notice of Removal (without attachments) filed on September 19, 2019, is attached hereto as Exhibit A.

**RESPECTFULLY SUBMITTED** this 19th day of September, 2019.

OFFICE OF THE MARICOPA COUNTY ATTORNEY

BY:  /s/Jennifer G. Lockerby
JENNIFER G. LOCKERBY
SHERLE R. FLAGGMAN
Deputy County Attorneys
*Attorneys for Defendant Penzone*

ORIGINAL of the foregoing E-Filed
this 19th day of September, 2019, and
a Copy electronically distributed to:

The Honorable Sherry K. Stephens
Judge of the Superior Court
East Court Building 712
101 W. Jefferson Street
Phoenix, Arizona  85003

and copy mailed to:

Frank G. Kitko, Jr., #330785
ASPC – Lewis – Stiner Unit
P.O. Box 3100
Buckeye, Arizona  85326
*Plaintiff Pro Per*

/s/ V. Sisneros

S:\CIVIL\CIV\Matters\CJ\2019\Kitko v. Penzone (CJ19-0223)\Pleadings\removal docs\notice of filing removal (superior).docx

-2-

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Thursday, September 19, 2019 3:37 PM |
| **To:** | Sisneros Veronica |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #3791277 has been DELIVERED to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2019-012066 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Kitko Vs. Penzone, Et.Al.
Filed By: Jennifer Lockerby
AZTurboCourt Form Set: #3791277
Keyword/Matter #:
Delivery Date and Time: Sep 19, 2019 3:37 PM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice of Filing Notice of Removal
Exhibit/Attachment (Supporting): Exhibit A